*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
KISOR, PICTON, and HARRELL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Brandon R. LEDESMA**
Seaman (E-3), U.S. Navy
*Appellant*

**No. 202400051**

_____

Decided: 24 February 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
John J. Stephens (arraignment)
Stephen C. Reyes (Article 39(a))
Terrance J. Reese (trial)

Sentence adjudged 28 September 2024 by a general court-martial tried at Naval Station Great Lakes, Illinois, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for twenty-eight months, forfeiture of all pay and allowances, and a dishonorable discharge.

For Appellant:
*Major Joshua Keefe, USMC*

For Appellee:
*Commander John T. Cole, JAGC, USN* (on brief)
*Major Candace G. White*

─────────────────────────

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

─────────────────────────

PER CURIAM:

Appellant purchased Percocet pills that were laced with Fentanyl for himself and three others: Seaman Apprentice (SA) D.A., Seaman Recruit (SR) C.T., and Master-at-Arms Petty Officer Third Class A.A.. Appellant brought the individually packaged pills on base, ingested his pills, distributed the remaining pills to the group, and fell asleep on a chair in his room. SA D.A. died on Appellant's bed after ingesting the Fentanyl laced Percocet pills. His cause of death was Fentanyl toxicity. Appellant found SA D.A.'s body the following morning. He and SR C.T. moved SA D.A.'s body to his barracks room in an effort to conceal their drug use and their involvement in his death.

Appellant was convicted, pursuant to his pleas, of wrongful distribution of Fentanyl, obstruction of justice for moving SA D.A.'s body, and negligent homicide for providing SA D.A. Fentanyl.[1] Relevant here, Appellant's plea agreement required the military judge to sentence Appellant to either a bad-conduct discharge or a dishonorable discharge—the military judge sentenced Appellant to a dishonorable discharge.[2] Appellant now argues that the dishonorable discharge was inappropriately severe.[3] We have considered Appellant's assignment of error and find it without merit.[4]

---

[1] Appellant's convictions are for violations of Articles 112a, 131b, and 134, Uniform Code of Military Justice (UCMJ); 10 U.S.C. §§ 912a, 931b, 934.

[2] Appellate Exhibit XXXVI at 12.

[3] Appellant raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[4] *United States v. Guinn*, 81 M.J. 195, 201 (C.A.A.F. 2021). We review sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382, 383-84 (C.A.A.F. 2005); *see also United States v. Casuso*, NMCCA No. 202000114, 2021 CCA LEXIS 328, *4

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[5]

However, we note that, although not raised as an Assignment of Error, the Entry of Judgment [EOJ] erroneously includes the charges and specifications that were preferred but not referred to Appellant's court-martial.[6] Additionally, the EOJ does not comply with Rule for Courts-Martial [R.C.M.] 1111(b)(1)(C) because it does not reflect the findings and disposition of the charges, but only the specifications. "A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate."[7] Rule 1112(d)(2) authorizes a "superior competent authority [to] return a record of trial to the military judge for correction under this rule."[8] Although we find no prejudice, Appellant is entitled to have court-martial records that accurately reflect the content of his proceeding.[9]

It has been this Court's recent practice to correct minor deficiencies in the EOJ at our level. We do not do so here. First, the errors in Appellant's EOJ are not minor. Second, such corrections have become both commonplace and time-consuming. We take action in our decretal paragraph.

---

(N-M. Ct. Crim. App. June 30, 2021) *rev. denied,* 82 M.J. 102 (C.A.A.F. 2021) ("We question Appellant's claim of inappropriate severity when the sentence he received was within the range of punishment he was expressly willing to accept in exchange for his pleas of guilty.").

[5] Articles 59 & 66, UCMJ.

[6] *United States v. Booker*, 83 M.J. 595, 598 (N-M. Ct. Crim. App. 2023).

[7] R.C.M. 1112(d)(2).

[8] *Id.*

[9] *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998).

## CONCLUSION

The EOJ is **SET ASIDE**. We return the record of trial to the Judge Advocate General for **REMAND** to the military judge to complete a corrected EOJ consistent with this opinion and R.C.M. 1111. Thereafter, Article 66, UCMJ, shall apply.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court